# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00137-CR

**Kevin Edward Martin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CR27,644, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kevin Edward Martin was charged with four counts of continuous family violence. *See* Tex. Penal Code § 25.11(a). Martin pleaded no contest to one of the counts under a plea agreement. In exchange for his plea, the State agreed to the trial court's consideration of the remaining counts at the sentencing hearing under section 12.45 of the Texas Penal Code and to dismiss the charge in an unrelated case.[1] *See id.* § 12.45 (barring prosecution for unadjudicated offenses considered during sentencing hearing with State's consent). Following the hearing, the trial court sentenced Martin to ten years' confinement and gave him permission to appeal his sentence. *See* Tex. R. App. P. 25.2(a)(2)(B). We affirm the trial court's judgment of conviction.

---

[1] The trial court also agreed to consider an unrelated charge against Martin under section 12.45. *See* Tex. Penal Code § 12.45.

Martin's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988). Martin's counsel has also certified to the Court that he sent copies of the motion and brief to Martin; informed him of his right to examine the appellate record and file a pro se response; and provided him with a motion to assist him in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Martin filed a pro se response on November 22, 2024.

We have conducted an independent review of the record, including the record of the plea and sentencing proceedings below, appellate counsel's brief, and Martin's pro se response, and find no reversible error.. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Nevertheless, while reviewing the record, we found a clerical error in the judgment of conviction, which stated that Martin pleaded guilty to the charged offense.

The appropriate remedy is to modify the trial court's judgment to reflect that Martin entered a plea of no contest. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment in trial court cause number CR27,644 to reflect that the "Plea to Offense" was "No Contest" and not "Guilty." *See Borders v. State*, 654 S.W.3d 202, 210 (Tex. App.—Austin 2022, no pet.).

We agree with counsel that the record presents no arguably meritorious grounds for review, and the appeal is frivolous. Counsel's motion to withdraw is granted.

2

Having modified the trial court's judgment in cause number CR27,644 as set out above, we affirm the judgment of conviction as modified.

_____
Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Modified and, as Modified, Affirmed

Filed:   July 3, 2025

Do Not Publish

3